IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CELESTE M. GONSALVES,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE KARIN L. HOLMA, *et al.*,<br><br>Defendants. | Case No. 25-cv-00171-DKW-KJM<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**[1] |

On June 26, 2025, Defendants Judge Karin L. Holma, Judge Shirley M. Kawamura, and Judge Katherine G. Leonard filed a motion to dismiss *pro se* plaintiff Celeste M. Gonsalves's Complaint, asserting that the Court lacks subject matter jurisdiction, Defendants are entitled to immunity from suit, and Gonsalves fails to state a claim. Dkt. No. 15.

Having reviewed the Complaint and the parties' briefs, the Court agrees that dismissal is appropriate. Accordingly, the motion to dismiss is GRANTED with leave to amend, as described below.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

## FACTUAL & PROCEDURAL BACKGROUND

### I. The Complaint

In her Complaint, Gonsalves alleges that Defendants—all of whom are Hawaiʻi state court judges—violated her rights during a series of court cases and hearings. *See generally* Dkt. No. 1. The Court summarizes the relevant facts below.

In 2021, Gonsalves was a *pro se* defendant in two simultaneous eviction cases[2] presided over by Judge Holma, a First Circuit Court Judge. Dkt. No. 1, ¶¶ 4, 11, 16. While presiding, Judge Holma (1) denied Gonsalves' motions to dismiss the eviction cases, to adjourn hearings, or for reconsideration, *id*. ¶¶ 16–18, 28–29; (2) blocked or delayed Gonsalves in filing further motions, *id*. ¶ 22; (3) denied Gonsalves' requests for medical accommodations,[3] *id*. ¶ 18; (4) held hearings despite Gonsalves not being present, *id*. ¶¶ 16 & 23; (5) offered "legal advice" and "strategic plan[s]" to plaintiff's counsel during hearings; and (6) directed plaintiff's counsel to move for summary judgment in both cases, while not giving Gonsalves adequate time to oppose, *id*. ¶¶ 19–20. Judge Holma eventually granted plaintiff's motions

---

[2] A court must generally limit its analysis to the complaint when deciding a motion to dismiss, but may incorporate by reference other materials when they are referred to by the plaintiff and "form[] the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). In their motion to dismiss, Defendants provide details about Gonsalves' eviction cases—as well as others filed by or against Gonsalves—beyond what is alleged in the Complaint. *See* Dkt. No. 15-1 at 2–7. Although the Court could appropriately consider *some* of these details, it declines to do so because it is unnecessary for the purposes of the instant order.

[3] Gonsalves alleges that she is a "permanently disabled person with diagnoses and documented physical and psychological medical challenges," without elaboration. Dkt. No. 1, ¶ 10.

for summary judgment in both cases. *Id.* ¶¶ 20 & 30. Gonsalves was thereafter "illegally evicted." *Id.* ¶ 31.

In October 2021, Gonsalves appealed both eviction rulings to the Intermediate Court of Appeals. *Id.* ¶ 32. Judge Holma contacted Judge Leonard, the appellate judge, and "conspired to control the outcome" of the appeals. *Id.* ¶ 33. Gonsalves wrote a letter to First District Chief Judge Melanie M. May complaining about her treatment by Judge Holma, and Judge Holma "retaliated" by denying Gonsalves' post-judgment motions. *Id.* ¶¶ 34 & 37. Judge Holma further conspired to influence other legal actions relating to Gonsalves' eviction, including a criminal investigation against Gonsalves' landlord and Gonsalves' small-claims court case against the same. *Id.* ¶¶ 42–45.

With regards to her appeals, Gonsalves alleges that Judge Leonard (1) issued orders "to purposely protect" Judge Holma's "egregious and illegal actions," *id.* ¶¶ 48–50; (2) failed to adhere to the Hawaiʻi Rules of Appellate Procedure, *id.* ¶ 51; and (3) failed to "adequately review" Gonsalves' motions, denying them on incorrect grounds, *id.* ¶¶ 52–54. Further, Judge Kawamura, a First Circuit Court judge who presided over a case[4] transferred by Judge Holma, violated Gonsalves' rights by (1) allowing opposing counsel to file a new motion for summary judgment despite a

---

[4]Gonsalves' Complaint is not clear as to whether the transferred case was one of the original two eviction cases or some other lawsuit.

prior motion on the same grounds having been denied, *id*. ¶¶ 56–57; and (2) ignoring Gonsalves' evidence in opposition and granting the motion, *id*. 58–59.

## II. Procedural History

On April 28, 2025, Gonsalves initiated this action. Dkt. No. 1. Gonsalves asserts the following claims: (1) violation of her Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983; (2) a Section 1983 conspiracy claim; (3) violation of various federal Section 8 housing regulations, namely 24 C.F.R. § 247.6(b) and several provisions of 24 C.F.R. § 880.607 and 24 C.F.R. § 882.511; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress. *Id*. ¶¶ 60–80. Gonsalves asserts all her claims against Defendants in both their individual and official capacities, *id*. ¶¶ 11–15, and requests damages and injunctive relief "to Vacate prior rulings," *id*. at 17–18.

On June 26, 2025, Defendants moved to dismiss, arguing that (1) the Court lacks subject matter jurisdiction over Gonsalves' complaint under the *Rooker-Feldman* doctrine; (2) Defendants are entitled to judicial immunity; and (3) Gonsalves fails to state a claim for relief.[5] Dkt. No. 15-1. Gonsalves opposes, asserting, *inter alia,* that (1) her claims are against Defendants "in ONLY their

---

[5]For purposes of this Order, the Court assumes—without deciding the *Rooker-Feldman* issue—that the Court has subject matter jurisdiction and therefore will not address the jurisdictional question at this time. Because, as explained herein, Defendants are entitled to judicial immunity, the Court also does not address Defendants' remaining arguments as to the merits of Gonsalves' claims.

individual capacities" and she "is not suing any of [Defendants] in their 'Official Capacities'"; and (2) Defendants are not entitled to judicial immunity because their actions were either administrative or outside their normal judicial duties. Dkt. No. 36 at 1 & 8–9. Defendants did not reply.

## STANDARD OF REVIEW

### I. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is considered facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* As a result, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice," nor do factual allegations that only permit the Court to infer "the mere possibility of misconduct." *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555).  The Court liberally construes a pro se pleading.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## II.  <u>Leave to Amend</u>

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  Indeed, the Ninth Circuit has made clear that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation marks omitted).  "[T]he rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant."  *Id.* at 1131 (citation and internal quotation marks omitted).  Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency.  *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir.

2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

As relevant here, Defendants argue that Gonsalves' claims must be dismissed because Defendants are entitled to judicial immunity. Dkt. No. 15-1 at 12–17. The Court agrees.

First, Gonsalves asserts in her opposition that her claims should be understood as being against Defendants only in their individual—not official—capacities. Dkt. No. 36 at 8. This contradicts the Complaint, which clearly states that all claims were asserted against Defendants in "both Official Capacity" and individual capacity. Dkt. No. 1 ¶¶ 11–15. Regardless, to the extent that Gonsalves still intends to bring any official-capacity claims, they are barred by the Eleventh Amendment sovereign immunity granted to state officials and instruments. *See Linville v. Hawaii*, 874 F.Supp. 1095, 1103 (D. Haw. 1994) (State of Hawaiʻi has not waived its sovereign immunity for civil rights actions brought in federal court); *Nahooikaika v. Mossman*, 2015 WL 5768945, at *2 (D. Haw. Sept. 30, 2015) (concluding that official-capacity claims against state judges are barred by Eleventh Amendment immunity).[6]

---

[6] Defendants further argue, and the Court agrees, that the exception to Eleventh Amendment immunity provided by *Ex Parte Young*, 209 U.S. 123 (1908) is inapplicable. *Ex Parte Young* only provides an exception when a state official is sued for prospective injunctive relief with respect to an *ongoing* violation of federal law. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011). Here, Gonsalves alleges no such ongoing violation.

As for Gonsalves' individual-capacity claims, judicial officers are absolutely immune from liability for actions taken during judicial proceedings.[7] *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."); *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (explaining that courts have "long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process." (internal quotation marks omitted)). "This immunity applies even when the judge is accused of acting maliciously and corruptly," and is designed "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson*, 386 U.S. at 553–54; *see also Stump v. Sparkman,* 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). Judicial immunity may be overcome only if the judge's actions are "not taken in the judge's judicial capacity" or are "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12.

---

[7] The Court notes that "'judicial immunity is an immunity from suit' and bars [Gonsalves'] claims irrespective of the type of relief sought." *Marn v. McCully Assocs.*, 2013 WL 6894987, at *2 (D. Haw. Dec. 31, 2013) (quoting *Mireles v. Waco,* 502 U.S. 9, 11 (1991) (per curiam)).

Here, there is no doubt that Defendants' actions—as alleged in the Complaint—were taken in their judicial capacity and within their jurisdiction. Gonsalves' allegations all arise from her state-court eviction cases and their appeals, and effectively assert that Defendants improperly denied her motions, were overly lenient or favorable towards her opposing counsel, failed to grant her requested accommodations, or "conspired" to ensure judgments against Gonsalves. *See generally* Dkt. No. 1. These actions fall firmly within a judge's judicial capacity. *See Ogeone v. Nacino*, 2013 WL 5947028, at *3 (D. Haw. Nov. 5, 2013) (applying judicial immunity where plaintiff's allegations concerned "core judicial functions, such as presiding over proceedings, maintaining control over the case docket, and determining motions"); *Guity v. Hawaii*, No. 21-CV-00055 (LEK)(KJM), 2022 WL 106110, at *3 (D. Haw. Jan. 11, 2022) ("Even if the judges acted . . . as part of a conspiracy, they are immune from suit for acts performed pursuant to their official functions."); *Rote v. Comm. on Jud. Conduct & Disability of Jud. Conf. of United States*, 577 F. Supp. 3d 1106, 1128 (D. Or. 2021) (holding that "even considering [p]laintiff's allegations" that judicial defendants "conspired . . . to retaliate against [p]laintiff by denying him due process," the alleged acts were "all judicial in nature for which [a judicial defendant] has absolute judicial immunity); *aff'd*, No. 22-35261, 2023 WL 6875413 (9th Cir. Oct. 18, 2023).

Gonsalves cites to several paragraphs of her Complaint, claiming that the actions alleged therein were "administrative" rather than judicial in nature, Dkt. No. 36 at 9, but all of the cited allegations concern the same normal judicial functions of overseeing motions practice and scheduling hearings. *See In re Complaint of Jud. Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004) (explaining that "administrative functions" include "[p]ersonnel decisions," as opposed to events that "arose directly and immediately out of a confrontation with the judge in his or her official capacity"). Gonsalves might allege that these actions were taken with a corrupt or immoral motive, but motive is not the issue—only the nature of the acts themselves, and whether they were judicial in character. *See Stump,* 435 U.S. at 356. All of the acts Gonsalves relies upon were part of the judicial process and function and, therefore, shielded by Defendants' absolute immunity.

Accordingly, Gonsalves' claims against Defendants are barred by judicial immunity and must be dismissed. As presently pleaded, Gonsalves' claims seem inexorably bound up in actions protected by Defendants' judicial immunity. However, because Gonsalves "could conceivably cure these deficiencies" by amending her pleadings, and in light of her *pro se* status, this dismissal is without prejudice and with leave to amend. *Jones v. Rising Phoenix Holdings Corp.*, 2025 WL 2802180, at *7 (D. Haw. Oct. 1, 2025); *Lopez*, 203 F.3d at 1130.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, Dkt. No. 15, is GRANTED, and the Complaint is DISMISSED without prejudice and with leave to amend. Should Plaintiff wish to amend her pleadings, she must file a standalone first amended complaint that does not incorporate or rely on her previous filings no later than January 6, 2026. If no amended pleading is filed by that date, this action will be dismissed and closed without further notice.

IT IS SO ORDERED.

DATED: December 16, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Celeste M. Gonsalves vs. Judge Karen L. Holma, et al;* Civil No. 25-171 DKW-KJM; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**