IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CELESTE M. GONSALVES,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE KARIN L. HOLMA, *et al.*,<br><br>Defendants. | Case No. 25-cv-00171-DKW-KJM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND FINAL JUDGMENT**[1] |

On May 20, 2026, the Court granted the motion to dismiss filed by Defendants Judge Karin L. Holma, Judge Shirley M. Kawamura, and Judge Katherine G. Leonard.  Dkt. No. 56.  On June 17, 2026, *pro se* Plaintiff Celeste M. Gonsalves filed a motion to alter or amend the final judgment, Dkt. No. 58, which is now before the Court.  For the reasons described herein, Plaintiff's motion is DENIED.

**FACTUAL & PROCEDURAL BACKGROUND**

The First Amended Complaint (FAC) alleges that several Hawaiʻi state court judges committed various violations of Gonsalves' rights during eviction proceedings and subsequent appeals.  *See generally* Dkt. No. 46.  On May 20, 2026, the Court granted Defendants' motion to dismiss, concluding that judicial immunity

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

barred all of Gonsalves' claims.  Dkt. No. 56.  The Clerk of Court entered judgment and closed the case on the same day.  Dkt. No. 57.

On June 17, 2026, Gonsalves moved to alter or amend the final judgment pursuant to Fed.R.Civ.P. 59(e).  Dkt. No. 96.  Gonsalves asserts that (1) the Court wrongly dismissed the FAC "for repeating the necessary facts" from her initial Complaint; (2) the Court erred in "adopt[ing] the Defendants' highly distorted, false interpretations of the record"; (3) judicial immunity did not apply because her claims were brought against Defendants in their individual, not official, capacity; and (4) the *Rooker-Feldman* doctrine was inapplicable.  *Id*.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a litigant to file a "motion to alter or amend a judgment" within 28 days after entry of the judgment.  "A Rule 59(e) motion is effectively a motion for reconsideration," meaning courts typically review such motions under the same standards.  *S&G Labs Hawaii, LLC v. Graves*, 712 F. Supp. 3d 1364, 1371 (D. Haw. 2024), *aff'd*, No. 24-823, 2025 WL 1912366 (9th Cir. July 11, 2025); *see also Cox v. Ayers*, No. CV 92-3370 (CBM), 2007 WL 9747399, at *3 (C.D. Cal. Mar. 14, 2007) (treating a Rule 59(e) motion as a motion for reconsideration).  A "motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision" and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Donaldson v.*

- 2 -

*Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996) (citation omitted).

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of

finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*,

229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted).

As such, it is generally only appropriate:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Each one of these

"four reasons . . . is a 'high hurdle' that should not occur 'absent highly unusual

circumstances.'" *Chang v. Straub Clinic & Hosp., Inc.*, 2014 WL 712613, at *1 (D.

Haw. Feb. 21, 2014) (quoting *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001)).

Additionally, reconsideration may not be used "to raise arguments or present

evidence for the first time when they could reasonably have been raised earlier in

the litigation," *Kona*, 229 F.3d at 890, and "[m]ere disagreement with a previous

ruling is not a sufficient basis for reconsideration." *McAllister v. Adecco Grp. N.A.*,

2018 WL 6682984, at *2 (D. Haw. Dec. 19, 2018). The decision of whether to grant

reconsideration is ultimately "committed to the sound discretion of the

court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian

Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## **DISCUSSION**

Even liberally construed,[2] Gonsalves' motion presents no valid grounds to alter or amend the judgment.

First, contrary to Gonsalves' assertions, the Court did not grant dismissal because the allegations of the FAC were substantially similar to her initial complaint. The Court *noted* the similarity between the two pleadings, to be sure, *see* Dkt. No. 56 at 7, but the sole ground for dismissal was judicial immunity. Similarly, although Defendants argued that the FAC should be dismissed pursuant to the *Rooker-Feldman* doctrine, *see* Dkt. No. 47-1, the Court, contrary to the implication of Gonsalves' current motion, *see* Dkt. No. 58 at 4, did not rely on this argument in deciding to dismiss. The Court cannot now alter conclusions it never made. *See Rodman v. Otsuka Am. Pharm., Inc.*, No. 18-CV-03732 (WHO), 2020 WL 4207441, at *3 (N.D. Cal. July 22, 2020) (holding that the plaintiff "cannot ask for reconsideration on something that was not reached in the first place").

Gonsalves further argues that the Court erred in "adopting" Defendants' interpretation of the facts and by failing to "examin[e] the actual substance" of the "physical transcript record." Dkt. No. 58 at 3–4. The Court, however, did no such thing. The Court determined that Defendants, all of whom were state court judges,

---

[2]Because Gonsalves is *pro se*, the Court liberally construes her filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

had judicial immunity and, in doing so, accepted the facts alleged in the FAC.  Dkt. No. 56.   Weighing or reconciling factual disputes between the parties was unnecessary.   *See Garcia v. Benov*, No. CV 07-06387 (MMM)(SSx), 2008 WL 11637006, at *6 (C.D. Cal. May 13, 2008) ("Where the evidence proffered by the party seeking reconsideration would not change the outcome of an earlier decision, the court should deny the motion."); *Estrada v. Gillespie*, No. 13-CV-00280 (APG)(PAL), 2015 WL 6637008, at *1 (D. Nev. Oct. 30, 2015), *aff'd*, 671 F. App'x 646 (9th Cir. 2016) (denying reconsideration "because the evidence [plaintiff] presents is not newly discovered, it would not change the result on any of his claims, and there was no fraud on the court").

Finally, Gonsalves appears to insist that judicial immunity is inapplicable because she asserted her claims against Defendants in their individual, not official, capacities.  Gonsalves misunderstands judicial immunity.  Where judicial immunity applies, it serves to bar individual capacity claims, precisely the type asserted in the FAC.  *Feng v. Cnty. of Santa Clara*, No. 19-CV-06877 (LB), 2019 WL 7194475, at *5 (N.D. Cal. Dec. 26, 2019) ("Absolute judicial immunity extends to suits against a judge with respect to judicial acts even when a plaintiff purports to name the judge as a defendant in her personal or individual (as opposed to official) capacity."); *Hemsley v. Hawk*, No. CV 23-00195 (JAO)(WRP), 2023 WL 6378180, at *8 (D. Haw. Sept. 29, 2023) (finding that defendants sued in their individual capacity had

judicial immunity "if the alleged acts relate[d] to the judicial process" (internal quotation marks omitted)).    In granting dismissal, the Court determined that Defendants' alleged violations, such as denying Gonsalves' motions or impeding her from filing entries on the court docket, were judicial acts protected by immunity, Dkt. No. 56 at 6–9.  Gonsalves cites nothing new or to the contrary in her present motion.  Instead, she does little more than disagree with the Court's decision, which is not valid grounds to alter or amend the final judgment.  *See Hawaii Stevedores, Inc. v. HT&T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").

## CONCLUSION

Because none of Gonsalves' arguments demonstrates grounds for the extraordinary remedy she seeks.  *Kona*, 229 F.3d at 890, the motion to alter or amend the final judgment, Dkt. No. 58, is DENIED.

IT IS SO ORDERED.

DATED: June 23, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Celeste M. Gonsalves v. Judge Karen L. Holma, et al*; Civil No. 25-00171 DKW-KJM; **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND FINAL JUDGMENT**